IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVELYN HERNANDEZ and JOSE PEREZ, Individually and as Representatives of the Estate of Jonathan Hernandez,<br>    Plaintiffs,<br><br>v.<br><br>WENTWOOD ST. JAMES, L.P., *et al.*,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-09-0277 |

### **MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion for Leave to Designate Responsible Third Party ("Motion") [Doc. # 17], to which Plaintiffs filed Objections [Doc. # 18]. Having reviewed the record in this case and having applied relevant legal authorities, the Court **grants** Defendants' Motion to the extent set forth herein.

Defendants own and operate the St. James Apartment Homes, an apartment complex in Houston, Texas. Plaintiffs' minor son, Jonathan Hernandez, drowned in the swimming pool of the apartment complex on July 29, 2008. Plaintiffs allege that Defendants' negligence caused their son's death.

Defendants seek to designate Plaintiff Jose Perez and non-parties Harriet Yanes (the child's aunt) and Maribel Yanes Calix (the child's grandmother) as responsible

third parties based on their failure to supervise the child adequately and failure to provide him with life preserving equipment.

In pertinent part, § 33.004 of the Texas Practice & Remedies Code provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Under § 33.011(6), a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Muniz v. Stanley*, 2007 WL 1100466 (S.D. Tex. Apr. 11, 2007); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is held to be a responsible third party, then § 33.003 provides that the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. Pursuant to § 33.004(e), Plaintiffs then have sixty (60) days to move to join the designated responsible third parties as defendants in the lawsuit.

Plaintiffs oppose Defendants' Motion, arguing that designating Plaintiff Jose Perez is redundant because he is already a party in the lawsuit against whom

Case 4:09-cv-00277   Document 19   Filed in TXSD on 07/24/09   Page 3 of 4


Defendants can assert the defense of contributory negligence. The Court agrees that there is no need to designate Plaintiff Jose Perez separately as a responsible third party.

Plaintiffs oppose designating Harriet Yanes and Maribel Yanes Calix, arguing that Defendants have not pled sufficient facts to establish that either woman owed the child a duty to supervise or to provide life preserving equipment. The Court is unpersuaded by Plaintiffs' objection. Defendants have alleged upon information and belief that the child was left in the care of Yanes and Yanes Calix, that these two adults knew that the child could not swim, and that they failed to supervise him adequately or to provide him with life preserving equipment. These allegations are adequate at this stage of the proceedings to show that Yanes and Yanes Calix have potential liability in this case.

Based on the foregoing, the Court concludes that § 33.004 applies and that Harriet Yanes and Maribel Yanes Calix have potential responsibility in this lawsuit. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Leave to Designate Responsible Third Party [Doc. # 26] is **GRANTED in part**. Defendants are granted leave to designate Harriet Yanes and Maribel Yanes Calix as responsible third parties pursuant to

§ 33.004 of the Texas Civil Practice and Remedies Code.  The Motion is **DENIED** to the extent Defendants seek to add Plaintiff Jose Perez as a responsible third party.

SIGNED at Houston, Texas, this **24th** day of **July, 2009**.

Nancy F. Atlas
United States District Judge